Mr. White, you may proceed. The issue presented here is whether the trial court erred in granting the state's motion to dismiss the defendant's second amended post-conviction petition where this court had previously ordered an evidentiary hearing on the claims alleged by Mr. Markiewicz in his first amended post-conviction petition. The question here is not whether the petitioner waived claims from his previous pro se and first amended petitions by failing to include them in his second amended petition. All of the claims from both his pro se petition and his first amended petition are contained within the second petition. And except for issues 9 and 11 of the second amended petition, all of the additional claims from the first petition are contained within the second amended petition. The issue rather is whether the judge erred in dismissing at the second stage those claims contained in the previous petitions and re-alleged in the second amended petition that this court already had advanced to a third stage evidentiary hearing. The judge incorrectly concluded that because the second amended petition did not, and I quote, incorporate by reference or even mention the original amended petitioner, that the petitioner then sought to fully supersede and replace the amended petition with the second amended petition. And that by doing so he somehow abandoned those claims. The trial judge erroneously concluded that the petition instructed the trial court to conduct an evidentiary hearing was abandoned and withdrawn so that the evidentiary hearing relative to that petition was not appropriate. Should the trial court even allow the amended petition to be filed? I think under, as this court pointed out in their plebis two in Gonzales, reciting Gonzales, I think under Gonzales it could have heard the second amended petition because counsel was certainly allowed to add claims to that first petition thereby making a second petition. But so long as those, that second petition contained those original complaints that had been advanced to the third stage, I think the trial court probably could have heard it without any difficulty. Right, but it didn't, it wasn't obliged to. Once you file new allegations, that triggers the state's opportunity to file a motion to dismiss, at least as to the new allegations. Well possibly as to the new allegations it could have, although our position is that certainly not to the original claims. The original claims had already been through that procedure and had been advanced to the evidentiary hearing. So my point is, well where's the error in dismissing all the new allegations? Well we, the new allegations in this particular case were so aligned with the original claims that essentially it's ineffective assistance of counsel. And what counsel did in the second amended petition was extrapolate upon those claims, come up with either additional, not necessarily additional claims, but maybe more explanatory, well not explanatory but more detailed claims that in some cases with respect to say Smith and Nally, the testimony of those people was specific to that. They mentioned for example one attorney, Joppa Carroll's ineffectiveness as compared to perhaps other ineffectiveness. So they're very tightly related to the original claims. And certainly at the second stage, or at the evidentiary hearing rather, those claims would probably be dismissed, but we think they should go along with those original claims. And certainly the original claims should go up to the, or go to an evidentiary hearing. Without looking at their merit though, would you agree that the, procedurally those added, those additional claims could have been evaluated by the judge and dismissed if the judge determined that they were frivolous? I'm not asking about the merit of them, but just procedurally. Procedurally the judge probably could have done that. Although those claims being so related to the original claims and dealing with specifically ineffectiveness, I understand your position generally speaking, I think that's true. Given the specifics of this case, because of the intertwined, the nature of the claims for one thing being an effective assistance, I think it would be more difficult to do that. It would be more appropriate probably is a better word to evaluate those claims in the context of the original claims as presented in the first amended petition and in the pro se petition. Wasn't this appealed and the appellate court sent it back for a third stage hearing because the state didn't file any objection in the second stage? First time around? Correct. It was also because it followed, I guess, first stage procedures. Appellate counsel or trial counsel, PC counsel had been appointed, petition filed, and then dismissed as frivolous without patent without merit and was then advanced to the third stage. I think those claims certainly need to be addressed at the third stage because he has always been pursuing those claims and those claims have never been addressed at that level. What took so long with this case? A little bit of everything. Some of it was out of the defendant's control. The big thing was probably the fact that this was remanded back for resentencing at one point and the resentence for some reason took about six years. I believe it was 2006. Some of it was, from what I could gather from the transcripts, it's a little difficult to see, but some of it looked like when the petitioner had been brought to court, he had done so without his documents or he had not been properly written to court. I know one of the major things here was that the petitioner was waiting until a decision was made on the reconsideration motion before proceeding on the PC motion. In fact, he was representing himself, pro se, on the reconsideration motion but not on the PC. At one point, I believe, a long way into this, 2006, 2007, something like that, counsel, Attorney Dolak, ended up representing him on both claims. But there was a lot of delay attributable to a lot of different circumstances. But throughout the record, I don't think there's any indication that he ever attempted to forfeit these claims. If anything, he's always pursuing these claims, at least these claims, and he pursued these claims all the way back from the early 90s in his first initial pro se petition. By declining to advance the original petition to an evidentiary hearing, the trial court exceeded the mandate. This court in Gonzalez found that the trial court did not exceed the scope of the mandate where the trial court allowed a petitioner to amend his petition after remand to include new claims, as we have here. Similarly here, the trial court did not exceed the mandate by entertaining the second amended petition. Furthermore, the passage of time since the issuance of the court's mandate doesn't affect the resolution of the appeal because, as I mentioned, the petitioner certainly did not intend to abandon his claims. There may be some circumstances where that is the case, where counsel makes a more affirmative showing that he does want to abandon those claims, and he, I suppose, could do so after it has been remanded back at the hearing. There's certainly no obligation on the part of the court at that point to proceed with a hearing. Could you be more specific? Because your points and authorities seems to combine two issues into one. You argue, or at least you set forth in the first portion of your points and authorities, that there should be a third stage hearing on those things that went before. And then you add, and there should be a third stage hearing on the things that were added. Right. Just as I mentioned before, I think in this case, I think that there was a substantial showing made at the second stage that should advance to the third stage those claims. If this court finds that has not been the case, you know, I think there's two separate issues here. The first state, the initial claims, I think, should go without question, because this court had ordered that they be addressed in the first place, regardless of whether they're contained within a first amendment petition or second amendment petition that's formal or substance. They were reasserted and should be heard. Well, and as to the second issue, are you arguing two points? One is, is that the amendments on their own merit should be heard, or, and, or, that those other new issues are so intertwined, as you said, I believe, previously, that they must be considered in the third stage proceedings as part and parcel of the original petition? Yes. Mostly the second, but, I mean, I don't think those are necessarily inconsistent, in the sense that I think they do, would proceed on their own, but they are so intertwined that they're better addressed at the third stage, which is not, I don't think, presents any sort of prejudice to the state here, because the petitioners still don't maintain the burden of persuasion here. So even if they go to the third stage and they're not proved, you know, it's not, not, not really a problem here, but I think they are so entwined here is really the main thing, that they're so entwined with the other claims that have been advanced, that they should go, as you say, part and parcel with those claims. And as a result of that, Mr. Markowitz respectfully requests that this Court reverse the circuit court order to dismissing the second amended post-conviction petition and remand for a third stage evidentiary hearing. Any other questions? Thank you. Thank you. You have an opportunity to make a button. Ms. Corky, you may proceed. May it please the Court, Joan Corky on behalf of the people of the State of Illinois Council. I would like to answer the questions that were sent up to us, but I will do that at the end or in the middle if that's okay with you, but I'd like to do it before I sit down. I would like to go back to the beginning, to your remand order, Justice McLaren, and in that order you properly stated that the trial court used the first stage standard of review when the post-conviction petition, the first amended petition, was at the second stage, and you sent it back. You also added, and the State failed to file, a timely motion to dismiss. We were never given the opportunity to file any motion to dismiss, and therefore it couldn't have been timely or untimely because the trial court below used the frivolous and patently without merit standard and then wrote an order and dismissed the case. We noted in a footnote, and then I asked to supplement the record with additional authority, that we believe your order sending it back to the third stage was an error. It should have been sent back for a second stage hearing. If you look at people v. Cortez, which was the case that we cited for additional authority, that case says even if the State files a late, timely motion to dismiss, I'm sorry? It's either late or untimely. You said a late, timely motion. I said a late motion to dismiss, even so, you don't move it up to the third stage because the burden remains on the defendant to show he was prejudiced by that late filing. But here we had no filing. We had no opportunity to file anything. What we believe should have happened is this court should have sent this back for a third stage hearing, and the reason being there was no substantive showing of a constitutional violation because the court dismissed it under the first stage gist standard. And that's what is required to move it up to the third stage. And when this court said you used the wrong standard, the wrong standard was employed below, you didn't look at anything on the merits, and you just sent it back. So it had to go back for a second stage hearing. That's number one. Then the question you ask is, well, what did you remand? You remanded the First Amendment PC to go back for a third stage hearing. Now, in the questions that you sent to us, the case of People v. Gonzales is cited, and Gonzales says, even if we sent it back and our order was wrong, which in this case we contend with all due respect that the order was incorrect, the trial court below must follow our mandate. Well, if the defendant had come in and said, here, here's my First Amendment petition, let's go to a third stage hearing, the trial court below was obligated to hold a third stage hearing. But that's not what happened. What happened is the defendant came in with new counsel who filed a second, who asked leave to file a second amended petition. The trial court granted leave, and the trial court has that ability to do that. It's not going outside your mandate, because what Gonzales had, what happened to Gonzales is it went back for a third stage hearing. The defendant came in and said, I want to amend my petition. And the court allowed that, and the Supreme Court said that was okay. But what happened here is once a second amended petition was requested, and the trial court allowed it, it superseded the PC that was already there. That's the little catch. Where's the authority for that, that it supersedes it? Because that's what happens when you have a PC, and that's the case law. The judge customily said that if you're going to incorporate previous PCs, you must incorporate it by reference or put it in wholesale into your petition. So simply re-alleging the same allegations is insufficient. It must be one from one. No, you can re-allege the same ones. But the defendant did not re-allege the same ones. And in this case, I want to go through all the comments that the defendant made in his brief and his reply brief by pages. On page 11 to 12, he says, The defendant reasserted the claims in the second amended petition. On page 12, he also says, We have re-alleged the claim of exclusion of the mother from the voir dire. Then he says, We re-alleged other claims but framed them differently. That was also on page 12. On page 15, he says, The second amended petition re-alleged most of those previously raised claims. On page 16, he says, The second amended petition did not expressly mention or incorporate by reference per se the first amended petition, but it did contain most of the same alleged claims. And then on page 17, he says, But sometimes in an arguably more appropriate form. On page 18, he says, Some of the claims of ineffective assistance of trial and appellate counsel in the second amended petition were not previously raised. In his reply brief, he says, All the claims from the pro se petition are in both the first and second amended petitions. That's an ambiguous statement. Are all of them in the first and all of them in the second? Or are all of them in the first and second combined? And then he says on page 2 of his reply brief, The claims from the prior petition were reasserted even though Mr. Dolak did not use that language. That's on page 2. So he's kind of tap dancing around exactly what happened. The only claim that we could figure out that was actually reasserted was the bill of particulars claim. And what Judge Costellni found, and this answers the question that you raised, Justice Spence, you said, couldn't the judge dismiss all of this as frivolous? No. She was at the second stage. That's what got them in trouble in the first place. Frivolous is a first stage standard. She needed to determine whether or not a substantive showing of a constitutional violation had been shown in the second amended petition. And she determined for all kinds of reasons that it had not. And on appeal here, the defendant says, Well, even my new claims, they were so intertwined, Oh, my God, we can't figure out what is what and who is who. Everything should go to a third stage hearing. No. Only if he made a substantive showing of a constitutional violation. And even on appeal here, he doesn't say, I made a substantive showing. How does he do it? He says, Well, I made these claims, and they raise a constitutional issue. He must show the second prong of Strickland and come up and say, Well, I was prejudiced because this wasn't argued or this happened. And he never says anywhere why not having this bill of particulars prejudiced him. It's not in his brief, and it wasn't determined below. It seems like you're arguing that the defendant would waive the law of the case. Am I right or wrong? No. The defendant can't waive anything. Well, the defendant chose to file. If you mean law of the case, you mean the order to have a third stage hearing. Yes. Okay. The defendant, by filing a superseding brief or the second amended brief, waived that opportunity. Because your order was, here's your first amended petition. It was adjudicated improperly below. Well, I'm sending it back for this first amended PC to be adjudicated at the third stage. Right or wrong, that was your order. He did not present the first amended petition to be adjudicated. Let's go and deal with, was it a waiver, which is a knowing voluntary relinquishment of the right, or was it a forfeiture? He forfeited it. He forfeited it because he had that opportunity and he went ahead. Is forfeiture usually deemed to be a good strategy by effective counsel? It depends on whether or not the counsel felt that the issues raised in the post-conviction petition, the first amended post-conviction petition, were appropriate. And the defendant has not shown anywhere that he was unreasonable. He just says, well, he was unreasonable. And why does he say he's unreasonable? He said he's unreasonable because this court sent it back for a third stage hearing. But this court sent it back for a third stage hearing, not because you determined there were merits to any of the issues, only because there was a procedural problem when it was heard the first time. And if the counsel, Mr. Dolak, came back in and made the determination that he wanted, felt that the first amended petition was insufficient and that issues should be re-alleged in a more appropriate way, and other issues added, that was his prerogative. He had an obligation under 651C to make a determination of what should be presented to the court. He wasn't obligated to follow what the previous attorney had filed in the first amended petition. He was making his own determination at that point. You can't stick him with the lawyering, good or bad, of the other guy, especially bad. He made his own determination of it. And once that determination was done, he needed to make ‑‑ he either needed to incorporate those issues straight out or he needed to amend them, which he did, apparently, in what the defense refers to as more appropriate legal form. So if the defense is saying that he re-alleged these questions, but more in more appropriate legal form, then he's admitting that what was filed in the first amended petition probably wouldn't have succeeded on review. He had every right to go in and make his own case. That, I think, is a syllogism that doesn't work. Why? Because it's like saying that the glass, when it's half empty, it can't be half full. And it can be both. It's like a Scottish verdict. I don't understand this. There are three verdicts, guilty, not guilty, and not proven. And you're assuming that there are only two. Either it's up, it's either heads or it's tails. And oddly enough, people have actually thrown coins on a table and the thing has stood on its edge. It happens every once in a while. So your syllogism, it isn't established that because supposedly the amendment was made, that proves that what went before was defective. It may have been defective. It may not have been defective. It may have been, as he said, more appropriate, which means that instead of winning by preponderance, he wins by clear and convincing evidence. During this whole procedure of the second amended petition, during the court proceedings, the defendant came in with two pro se motions. One of them, he said, I want to dismiss my second amended petition and I want to reinstate my first amended petition and then I want to change it and call it an amended first amended petition. And the court said, we don't have hybrid representation here. Either you're going to go with your counsel or you're going to represent yourself, but you can't have it both ways. And counsel, Mr. Dolak said, I'm not signing on to this motion. I can't remember what the other one was. It wasn't appropriate to this issue. He said, I'm not signing on to those motions. And he said, but if I do later on, I'll let you know. Which meant he went back, he reviewed those issues and decided he was not going to incorporate them however they appeared in the first amended petition that way in his petition. And he was appointed counsel. He was allowed to do that. And the defendant has not demonstrated. In his brief, which issues should have, specifically, he has never named the issues. He said, well, some of them, they were renamed. And then when he does cite to it in a footnote, he cites to the whole document of the second amendment. So you have to start trying to go through it and find out which issue matches up to which issue. Don't get a pinpoint cite. He never says, here are the issues that were in the first amended petition. Here is what was put, here are their parallels in the second amended petition. He never did this over here. And I was prejudiced. He never shows how he was prejudiced. He doesn't even cite to Strickland. If I understand your argument, you're saying he hasn't been prejudiced, but what will end up happening is if we accept your argument and affirm the trial court vote, he won't get his third stage hearing. And was your order correct? Are we here to reaffirm incorrect orders? I think the court first must determine whether or not, with all due respect, Justice McLaren, we believe that your remand order was incorrect. It might have been. So what? It was the law of the case. It was the law of the case. And then he goes back and he files what you say is a superseding petition. What the court said. Which means the court said, oh, he didn't say it. He said it was more appropriate. But the court said it was superseding. The court said it failed to incorporate the earlier issues, and that's why it doesn't go to a third stage hearing. Well, if the trial court was correct, then wouldn't that indicate that just possibly the defense counsel could have been ineffective? Only if he made a showing as to the issues, as to what specific issues he needed to make a substantive showing of a constitutional violation for him to be considered unreasonable assistance. And even on appeal, he does not tell you which issues he said were unreasonable. I went through the issues from the First Amendment petition in my brief, and I said two of them had been forfeited because they could have been raised on direct appeal. The one with all the lists of the witnesses, he needed to attach affidavits from each one of those witnesses. He doesn't even refer to them in his brief. There were two affidavits and a couple other filings that maybe you might want to interpret. What happens to your argument if the decision that you think was incorrect was correct, and it should have gone to a third stage hearing? This court needs to determine whether or not Justice Acostione-Below was correct or incorrect in finding that the First Amendment petition had been superseded and had not been incorporated. The case law says that that is a proper ruling. This court has to show, and when the defendant constantly says, well, some of them were there, some of them were not there, most of them were there, they might have been there, but granted we put them in a different form, a more legally acceptable form. That's not what this court remanded for a third stage hearing. You remanded the First Amendment PC for a third stage hearing. If he did not present that First Amendment PC, then he doesn't get a third stage hearing once he files a Second Amendment petition. Okay, thank you. May I answer your question, please? No. No? Okay. Good time to go. Thank you. Mr. White. I just have a couple of points. As the State points out, whether the evidence you're hearing should have been granted, I think at this point is irrelevant. It's the law of the case under Schreier. He could have amended his petition, and he did, adding new claims as set forth in Gonzales. It sounds like the State would like the petitioner to argue the merits appeal. The First Amendment petition here, it sounds like the State is under the misconception here that the petitioner continued to raise fewer claims as this process went out. That's not true. All of the claims from his pro se petition are contained in the First Amendment petition. On page 3 of my reply brief, in the footnote, because it would get kind of overburdensome and confusing if I didn't do it this way, I tried to set forth exactly what those claims were and where they were. It's not just the one on the bill in particular. It's all of those claims are addressed, and they're addressed in that manner. The Second Amendment petition contained all of the claims from the First Amendment petition except for two that have been added by counsel. They contain all of the petitioner's original pro se claims. So all of these claims have been realleged all through this process. The only question here becomes whether those additional claims are so part and parcel with the original claims that they should be heard at an evidentiary hearing. Wait a minute. Is the standard that they're part and parcel, or do they have to stand on their own and make a substantial appeal? They should stand on their own, but I'm saying for judicial economy purposes, they all relate to ineffective assistance of counsel, that claim which was raised in the original petition. Well, actually, all of the original petitions. I think as Justice McConnell pointed out, even if counsel could not have been found to have forfeited this because that clearly would be ineffective assistance of counsel. That would be unreasonable assistance. No, unreasonable assistance. I'm sorry. Right. Reasonable assistance because there's no way it could be considered reasonable for counsel to abandon a third stage hearing in order to reassert claims at the second stage. I mean, it doesn't make any sense why someone would do that. And the record doesn't bear that out. The record here clearly shows that all of these claims that were raised in the petitioner's original petition have continued throughout this process and were realleged in both the first and the second petitions. And for that reason, we would ask that you reverse the decision of the trial court. Thank you. We'll take the case under advisement. There will be a short recess. We have other cases on the call.